IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KETRENA KIRKLAND, et al.,

   Plaintiffs,

     v.

WELLS FARGO FINANCIAL, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-1640-TWT

ORDER

This is a Fair Labor Standards Act case. It is before the Court on the Defendants' Motion to Dismiss Collective Action Claims or, in the Alternative, for Summary Adjudication [Doc. 26]. For the reasons below, the Defendants' motion is DENIED.

I. Background

The Plaintiff, Gavin Morris, is a former credit manager for the Defendants Wells Fargo Financial, Inc., and Wells Fargo Financial Georgia, Inc. The Plaintiff says that he often worked more than 40 hours per workweek but was not paid time and one-half; and that the Defendants failed to keep proper records of his wages, hours, and other conditions of his employment. The Plaintiff says that, by failing to pay

overtime and keep proper records, the Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 207, 211. In addition to his own claims, the Plaintiff presents the same claims on behalf of "other employees similarly situated." 29 U.S.C. § 216(b).[1] The Plaintiff proposes a class of:

> All persons who did not sign valid and binding arbitration agreements with [the] Defendants, who are or have been employed by [the] Defendants as a credit manager, senior credit manager, assistant manager, or loan processor <u>in the State of Georgia</u> under the same first-, second-, and third-level managers as the named Plaintiff, at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

(First Amended Collective Action Complaint ¶ 10) (emphasis added).

The Defendants move to dismiss the Plaintiff's collective action claims. The Defendants say that issue preclusion applies to the Plaintiff's collective action claims because the court in <u>Castle v. Wells Fargo Financial, Inc.</u>, No. 3:06-cv-04347-SI (N.D. Cal. February 20, 2008), denied certification of an almost identical class. Because the Court takes judicial notice of <u>Castle</u>, the Defendants' motion is treated as a motion to dismiss under Rule 12(b)(6). <u>See</u> <u>Stephens v. State Farm Fire & Cas. Co.</u>, No. 1:03-cv-3094, 2004 WL 5546250, at *2 (N.D. Ga. June 23, 2004) ("[L]ooking to the public

---

[1] The section 216(b) collective action is "fundamentally different [from] the Rule 23 class action." <u>Cameron-Grant v. Maxim Healthcare Servs.</u>, 347 F.3d 1240, 1249 (11th Cir. 2003).

record has been held necessary to evaluate a motion to dismiss based on [issue preclusion] and does not convert the motion into a motion for summary judgment.").

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)

(citing Twombly, 127 S. Ct. at 1964).

### III. Discussion

"[I]ssue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). Issue preclusion applies if:

> (1) the issue at stake [is] identical to the one involved in the prior litigation; (2) the issue [was] actually litigated in the prior suit; (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted [had] a full and fair opportunity to litigate the issue in the earlier proceeding.

Id. The party asserting issue preclusion "bears the burden of showing with clarity and certainty what was determined by the prior [suit]." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir. 1992); New Port Largo v. Monroe County, 95 F.3d 1084, 1090 n.6 (11th Cir. 1996).

The Defendants say that issue preclusion applies to the Plaintiff's collective action claims because the court in Castle denied certification of an almost identical class. In Castle, the plaintiffs were then current and former employees of Wells Fargo Financial, Inc., who worked as credit managers, senior credit managers, assistant managers, and loan processors. The plaintiffs in Castle presented the same claims as the Plaintiff in this case, except that they proposed a larger, nationwide class. The plaintiffs proposed a class of:

> All persons who are or have been employed by [Wells Fargo] as credit manager, senior credit manager, assistant manager, or loan processor <u>within the United States</u> at any time three years prior to the filing of this Complaint, to the final disposition of this case.

Castle, No. 3:06-cv-04347-SI, at 2 (emphasis added). The plaintiffs moved for conditional certification of their proposed class and, in support of their motion, the plaintiffs submitted declarations by putative class members from eight different states. But the court denied the plaintiffs' motion for conditional certification, stating that "the Court finds that [the] plaintiffs have not identified any company-wide policy or practice to deny overtime and thus have failed to show that the various Wells Fargo employees are similarly situated for purposes of class certification." Id. at 5. The court explained that, "[a]t the most, [the] plaintiffs' evidence suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." Id.

Because determination of a Georgia-only class was not a critical and necessary part of the judgment in Castle, issue preclusion does not apply to the Plaintiff's collective action claims in this case. The critical finding in Castle was that the plaintiffs had not identified a nationwide overtime policy or practice that was common to all putative class members. See Wilks v. Pep Boys, No. 3:02-0837, 2006 WL 2821700, at *3 (M.D. Tenn. Sept. 26, 2006) ("The existence of a [common policy or practice] may assuage concerns about [the] plaintiffs' otherwise varied

circumstances."). But that finding does not decide the issue in this case. "That a much broader class might not have common practices running throughout it does not speak to whether a more narrowly drawn class might have common practices." Szittai v. Wells Fargo Financial, Inc., No. 5:08-cv-1379, 2008 WL 4647739, at *4 (N.D. Ohio Oct. 20, 2008). Although the plaintiffs in Castle did not identify a nationwide overtime policy or practice, the Plaintiff in this case may be able to identify a statewide overtime policy or practice that is common to all members of a Georgia-only class. And, if the Plaintiff is able to identify such policy, then he may also be able to distinguish this case from many of the otherwise factually similar off the clock cases where courts have denied certification. See Wilks, 2006 WL 2821700, at *5.

The Defendants point out that the court in Castle said that the plaintiffs "have not identified a common policy or practice on a nationwide or statewide basis." Castle, No. 3:06-cv-04347-SI, at 3 (emphasis added). But that isolated statement should not have any effect on this case. Whether a statewide class should be certified was not before the court in Castle and, therefore, any statement regarding a statewide class was not a critical and necessary part of the judgment. Cf. In re Bridgestone/Firestone, Tires Prods. Liab. Litig., 333 F.3d 763, 766 (7th Cir. 2003) ("Although we suggested that even a single-state class covering multiple models of tire or SUV would be unmanageable and inferior . . ., this assessment did not become

part of our judgment."). Indeed, the court in Castle could have denied certification of a nationwide class even if the plaintiffs had identified a common policy or practice on a statewide basis. In any event, it is not clear that the court in Castle could have actually decided any issues relating to Georgia, given that the court never mentioned any facts specific to Georgia and only one of the declarants was from Georgia.

The Defendants also cite to a number of cases that they think support their argument, but the cases are distinguishable. For example, in Frosini v. Bridgestone Firestone North American Tire, LLC, No. CV 05-0578, 2007 WL 2781656 (C.D. Cal. Aug. 24, 2007), the prior suit involved plaintiffs that had moved for and were denied certification of "two classes: a national class . . . and a class of California consumer residents only." Id. at *1. In giving preclusive effect to the prior suit, the court in Frosini stated that the plaintiffs' "attempt to distinguish the present action from the [prior suit] by narrowing the proposed class to California residents" failed because the court in the prior suit had explicitly rejected a California-only class. Id. at *9. Frosini is distinguishable because the plaintiffs in Castle only moved for and were denied certification of a nationwide class and, therefore, the court in Castle could not explicitly reject any statewide class. The Defendants cite to additional cases, but, like Frosini, each of the cases involved plaintiffs who proposed classes that were essentially the same as classes that had been denied certification in prior suits. By

contrast, in this case, the Plaintiff's proposed Georgia-only class is different from the much larger, nationwide class that had been denied certification in Castle.

Lastly, the Defendants say that the "Plaintiff cannot take advantage of the [court's rulings on equitable tolling in Castle] . . . and, at the same time, argue that other decisions made by the same [c]ourt are not binding in the present action." (Reply Br. in Supp. of Defs.' Mot. to Dismiss Collective Action Claims or, in the Alternative, for Summ. Adjudication, at 3.) Whether the court's rulings on equitable tolling in Castle should apply to this case has not been decided, let alone briefed by the parties. But, even assuming that those rulings do apply to this case, that fact has no relevance to the issue of certification of a Georgia-only class. "[A] prior court's necessary determination of one identical issue does not give preclusive effect to all other orders and issues decided by that court." Salgado v. Wells Fargo Fin., Inc., No. Civ. 08-795-FCD-KJM, *10 (E.D. Cal. Oct. 3, 2008). The Defendants have not shown that issue preclusion applies to the Plaintiff's collective action claims and, therefore, the Defendants are not entitled to dismissal of the Plaintiff's collective action claims.

## IV. Conclusion

For the reasons above, the Defendants' Motion to Dismiss Collective Action Claims or, in the Alternative, for Summary Adjudication [Doc. 26] is DENIED.

SO ORDERED, this 22 day of December, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge