## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Gavin Morris, on behalf of himself and
classes of those similarly situated,

              Plaintiff,

vs.

Wells Fargo Financial, Inc. and Wells
Fargo Financial Georgia, Inc. d/b/a Wells
Fargo Financial and Wells Fargo
Financial Acceptance, and DOES 1-50,

              Defendants.

**Civil Case No. 1:08-cv-01640-TWT**

## ANSWER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial Georgia, Inc.

("Defendants"), in response to Plaintiff Gavin Morris's ("Plaintiff") First Amended

Complaint, admit, deny and allege as follows:

## PRELIMINARY STATEMENT

1.    Defendants admit that Plaintiff purports to bring a collective action on

behalf of the putative class members defined in Paragraph 1 of the Complaint.

Defendants deny any and all allegations in Paragraph 1 of the Complaint not expressly

admitted.

2.    Defendants admit that Plaintiff purports to bring a collective action on

behalf of the putative class members defined in Paragraph 2 of the Complaint.

Defendants deny any and all allegations in Paragraph 2 of the Complaint not expressly admitted.

3.     Defendants admit that Plaintiff purports to bring this action on behalf of a putative collective class and seeks the relief set forth in Paragraph 3.  Defendants deny any and all allegations in Paragraph 3 of the Complaint not expressly admitted.

### THE PARTIES

4.     Defendants admit that Plaintiff Gavin Morris was employed by Wells Fargo Financial Georgia, Inc.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Individual and representative Plaintiff Gavin Morris resides in Atlanta, Georgia (Fulton County)."  Defendants deny any and all allegations in Paragraph 4 of the Complaint not expressly admitted.

5.     Defendants admit that Wells Fargo Financial, Inc. and Wells Fargo Financial Georgia, Inc. are companies doing business in the state of Georgia, including in DeKalb and Henry Counties.  Defendants deny any and all allegations in Paragraph 5 of the Complaint not expressly admitted.

6.     To the extent Paragraph 6 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 6 of the Complaint not expressly admitted.  There are no "Doe" defendants in federal court.

7.     To the extent Paragraph 7 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 7 of the Complaint not expressly admitted.

## JURISDICTION AND VENUE

8.     Defendants admit that this Court has subject matter jurisdiction over actions brought under the FLSA, 29 U.S.C. § 201 *et seq.*  Defendants deny any and all allegations in Paragraph 8 of the Complaint not expressly admitted.

9.     Defendants admit that there is a Wells Fargo Financial office in Henry County in Georgia.  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations that "a substantial part of the events giving rise to the claims occurred in this district."  Defendants deny any and all allegations in Paragraph 9 of the Complaint not expressly admitted.

## COLLECTIVE ACTION ALLEGATIONS

10.     Defendants admit that Plaintiff purports to bring a collective action on behalf of the putative class defined in Paragraph 10 of the Complaint.  Defendants deny any and all allegations in Paragraph 10 of the Complaint not expressly admitted.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

## FIRST CLAIM FOR RELIEF

16.    In answering the allegations of Paragraph 16 of the Complaint, Defendants restate and incorporate by reference their responses to Paragraphs 1-15.

17.    To the extent Paragraph 17 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 17 of the Complaint not expressly admitted.

18.    Defendants admit that they have "employed and continue to employ employees."  Defendants admit that at all relevant times they have had gross operating revenues in excess of $500,000.00.  To the extent that the remaining allegations of Paragraph 18 state conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 18 of the Complaint not expressly admitted.

19.    To the extent Paragraph 19 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 19 of the Complaint not expressly admitted.

20.    Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     To the extent Paragraph 21 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 21 of the Complaint not expressly admitted.

22.     To the extent Paragraph 22 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 22 of the Complaint not expressly admitted.

23.     Defendants admits that Plaintiff seeks the relief set forth in Paragraph 23. To the extent Paragraph 23 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 23 of the Complaint not expressly admitted.

24.     Defendants admit that Plaintiff seeks the relief set forth in Paragraph 24. To the extent Paragraph 24 states conclusions of law, no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 24 of the Complaint not expressly admitted.

## **PLAINTIFF'S PRAYER FOR RELIEF**

25.     Defendants deny that Plaintiff is entitled to any of the requested forms of relief on any basis whatsoever.  Any allegation in Plaintiff's Complaint not specifically admitted above is denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

26.    Defendants admit that Plaintiff demands a trial by jury.  To the extent

Paragraph 26 states conclusions of law, no response is required.  To the extent any

response is required, Defendants deny the allegations in Paragraph 26 of the

Complaint not expressly admitted.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

### (Failure Of Facts To State A Cause Of Action)

1.    The Complaint, and each cause of action alleged therein, fails to state

facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

### (Waiver)

2.    The Complaint, and each purported cause of action alleged therein, is

barred by the doctrine of waiver.

### THIRD ADDITIONAL DEFENSE

### (Estoppel)

3.    The Complaint, and each purported cause of action alleged therein, is

barred by the doctrine of estoppel.

## FOURTH ADDITIONAL DEFENSE

### (Laches)

4.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

## FIFTH ADDITIONAL DEFENSE

### (Unclean Hands)

5.     Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein as a result of his unclean hands with respect to the events upon which the Complaint and purported claims for relief allegedly are based.

## SIXTH ADDITIONAL DEFENSE

### (Statute of Limitations)

6.     Plaintiff's claims are barred, in whole or in part, by operation of applicable statutes of limitations.

## SEVENTH ADDITIONAL DEFENSE

### (Contribution by Plaintiff's Own Acts)

7.     If the injuries and/or damages alleged in the Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act.

## EIGHTH ADDITIONAL DEFENSE

## (Failure to State Facts Warranting Class Certification)

8.      Plaintiff's allegations that this action should be certified as a collective action are barred by Plaintiff's failure to allege facts sufficient to warrant class certification.

## NINTH ADDITIONAL DEFENSE

## (Collateral Estoppel)

9.      Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel, to include, without limitation, inappropriate claims splitting.

## TENTH ADDITIONAL DEFENSE

## (Res Judicata)

10.     Plaintiff's claims are barred in whole or in part by the doctrine of res judicata, to include, without limitation, inappropriate claims splitting.

## ELEVENTH ADDITIONAL DEFENSE

## (Conduct Not Knowing or Intentional)

11.     Plaintiff's claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred insofar as Defendants' conduct, as alleged in the Complaint, was neither knowing nor intentional.

## TWELFTH ADDITIONAL DEFENSE

### (No Knowledge of "Off the Clock" Work)

12.    Plaintiff's claims for unpaid wages are barred on the ground that Defendants had no actual or constructive knowledge that Plaintiff worked hours for which he was not compensated, as alleged in the Complaint.

## THIRTEENTH ADDITIONAL DEFENSE

### (Good Faith --29 U.S.C. § 259)

13.    Plaintiff's claims are barred in whole or in part because, pursuant to 29 U.S.C. § 259, Defendants' act or omission, if any, complained of by Plaintiff, was in good faith and conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which Defendants belong.

## FOURTEENTH ADDITIONAL DEFENSE

### (Lack of Willfulness)

14.    Defendants' actions or omissions were not willful within the meaning of applicable law.

## FIFTEENTH ADDITIONAL DEFENSE

### (No Liquidated Damages/Good Faith Reasonable Belief)

15.    Plaintiff's claims for liquidated damages are barred in whole or in part because Defendants' act or omission, if any, in not paying overtime was in good faith and Defendants had reasonable grounds for believing that their act or omission, if any, was not a violation of any applicable law.

## SIXTEENTH ADDITIONAL DEFENSE

### (In Pari Delicto)

16.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of in pari delicto.

## SEVENTEENTH ADDITIONAL DEFENSE

### (Motor Carrier Exemption)

17.    Plaintiff's claims for failure to pay overtime pursuant to the Fair Labor Standards Act are barred in whole or in part pursuant to 29 U.S.C. § 213(b)(1).

## EIGHTEENTH ADDITIONAL DEFENSE

### (De Minimis)

18.    Plaintiff's claims are barred in whole or in part because the amount of time for which he seeks compensation is de minimis. *IBP v. Alvarez*, 126 S.Ct. 514 (2005).

## NINETEENTH ADDITIONAL DEFENSE

### (Failure To File Opt-In Certification)

19.    Plaintiff's claims for relief under the FLSA are barred to the extent that Plaintiff and the putative FLSA Plaintiff Class have not filed the required written opt-in certification to proceed as a collective action pursuant to 29 U.S.C. § 216(b).

## TWENTIETH ADDITIONAL DEFENSE

### (Accord and Satisfaction)

20.    Plaintiff's claims are barred in whole or in part by accord and satisfaction.

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Release)

21.    The claims of some putative collective action class members are barred, in whole or in part, because, in exchange for a good and valuable consideration, they released Defendants from all liability to them for the claims alleged in the Complaint.

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Jurisdiction/Arbitration)

22.    Plaintiff's claims for relief are barred to the extent that Plaintiff and/or members of the putative collective action executed agreements requiring them to arbitrate their claims.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Reservation of Rights)

23.    Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their answer to assert any such defenses.

WHEREFORE, Defendants pray for judgment as follows:

1.    That all relief requested in the Complaint be denied;

2.    That Plaintiff takes nothing by virtue of this action;

3.    For costs of suit and attorneys' fees incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.


Dated:  January 12, 2009                By:  _____ /s/ *Halima Horton* _____

                                        HALIMA HORTON
                                        Ga. State Bar No. 367888
                                        email: hhorton@mcguirewoods.com
                                        MCGUIREWOODS
                                        The Proscenium
                                        1170 Peachtree Street N.E., Suite 2100
                                        Atlanta, Georgia 30309-7649
                                        Telephone:  404.443.5715
                                        Facsimile:  404.443.5799

                                        JOAN B. TUCKER FIFE
                                        CA State Bar No. 144572
                                        (admitted *pro hac vice*)
                                           email: jfife@winston.com

WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:  415-591-1000
Facsimile:   415-591-1400

JENNIFER W. GARBER
CA State Bar No. 222096
(admitted *pro hac vice*)
   email:  jgarber@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:  415-591-1000
Facsimile:   415-591-1400

JESSIE A. KOHLER
CA State Bar No. 179363
(admitted *pro hac vice*)
   email:  jkohler@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:   213-615-1750


*Attorneys for Defendants*
*WELLS FARGO FINANCIAL, INC. and*
*WELLS FARGO FINANCIAL*
*GEORGIA, INC.*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Gavin Morris, on behalf of himself and
classes of those similarly situated,

      Plaintiff,

 vs.

Wells Fargo Financial, Inc. and Wells
Fargo Financial Georgia, Inc. d/b/a Wells
Fargo Financial and Wells Fargo
Financial Acceptance, and DOES 1-50,

      Defendants.

**Civil Case No. 1:08-cv-01640-TWT**

## CERTIFICATE OF SERVICE

   I hereby certify that I have filed a copy of the foregoing "Answer of Defendants to Plaintiff's First Amended Complaint," using the Court's electronic filing system, which will automatically send email notification to the following counsel of record: Bryan J. Schwartz, **Schwartz@nka.com** and Edward D. Buckley, **edbuckley@buckleyklein.com**.

This 12th day of January, 2009.

        *s/ Halima Horton*
        HALIMA HORTON
        Ga. State Bar No. 367888
        email: hhorton@mcguirewoods.com
        MCGUIREWOODS
        The Proscenium
        1170 Peachtree Street N.E., Suite 2100
        Atlanta, Georgia 30309-7649
        Telephone: 404.443.5715
        Facsimile: 404.443.5799